50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Werner William JANER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55810.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 MEMORANDUM**
 Werner Janer appeals pro se the denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Janer is serving a 97-month sentence following his guilty plea to mail and bank fraud, money laundering, and currency structuring. We have jurisdiction under 28 U.S.C. Sec. 2255 and affirm.
 Janer argues first that the district court erred by adjusting his offense level for obstruction of justice. We rejected this argument on the merits in Janer's direct appeal. Citing United States v. Mondello, 927 F.2d 1463, 1466-67 (9th Cir.1991), we upheld the obstruction of justice adjustment because Janer had fled from an FBI agent and then used a false name to impede the agent's ability to find him. Consequently, we decline to reconsider the argument in this collateral proceeding. See United States v. Polizzi, 550 F.2d 1133, 1135 (9th Cir.1976). Janer argues that we should make an exception because United States v. Madera-Gallegos, 945 F.2d 264, 267-68 (9th Cir.1991) changed the law. Janer is incorrect. Madera-Gallegos, like Mondello, held that flight coupled with other obstructive conduct may justify the obstruction of justice adjustment. Janer used a false name to rent an apartment which constitutes conduct beyond mere flight.
 
 
 1
 Janer next argues that his attorney rendered ineffective assistance by failing to object to the leadership role adjustment. The leadership adjustment applies only when the offense involves more than one person who is criminally responsible for the commission of the offense. United States v. Anderson, 942 F.2d 606, 615 (9th Cir.1991) (en banc). The district court applied the adjustment because Janer had recruited Larry Fields to open accounts and obtain cash and cashier's checks. Janer argues that Fields was innocent, therefore, his attorney should have objected to the adjustment. The only proof Janer offers that Fields was innocent, however, is his personal opinion. Janer's attorney was aware of Janer's opinion. The government argues that substantial evidence existed to show that Fields was criminally responsible, including (1) Fields made seven cash withdrawals in amounts between $9,000 and $9,999 in a three week period from a bank account that Janer maintained under an alias; and (2) when confronted about the transactions, Fields gave a bank employee false identification and objected to the filing of a currency transaction report. Therefore, we cannot say that the attorney's failure to contest the leadership adjustment was incompetent or that the result would have been different had the attorney objected. The ineffective assistance claim fails. See United States v. Roberts, 5 F.3d 365, 370-71 (9th Cir.1993).
 
 
 2
 Finally, Janer argues that the prosecutor breached the plea agreement by asking the district court to adjust Janer's sentence for leadership role and obstruction of justice. Even assuming that this claim is properly before us, it is frivolous. The prosecutor made no promises in relation to these adjustments and did not comment on their application at the sentencing hearing; therefore, the prosecutor did not breach the plea agreement. Cf. United States v. Gonzalez, 16 F.3d 985, 988-89 (9th Cir.1993).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3